NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1228

YVETTE M. HILL,

Plaintiff-Appellant,

v.

John E. Potter, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,
and UNITED STATES POSTAL SERVICE,

Defendant-Appellees.

Appeal from the United States District Court for the Central District of California in case
no. 06-CV-7051, Judge Philip S. Gutierrez.

ON MOTION

Before LOURIE, FRIEDMAN, and GAJARSA, Circuit Judges.

GAJARSA, Circuit Judge.

## O R D E R

The Postmaster General and the United States Postal Service (the Postal Service) move without opposition to waive the requirements of Fed. Cir. R. 27(f), to vacate the transfer order of the United States District Court for the Central District of California, and to remand for further proceedings.

Yvette M. Hill filed claims in the district court against the Postal Service alleging that, in violation of its policies and procedures, the Postal Service did not compensate her for the use of her ideas for improving the processing of mail. On the Postal Service's motion, the district court determined that the claims at issue were contract-based, concluded that it lacked jurisdiction over such claims, and transferred the contract-based claims to the United States Court of Federal Claims. Hill appealed the

transfer order to the United States Court of Appeals for the Ninth Circuit, which transferred the appeal to this court.

The Postal Service asserts that the district court erred in determining that it lacked jurisdiction over Hill's contract claim because, unlike most federal entities, the Postal Service may sue and be sued on contract claims in courts other than the Court of Federal Claims. See Benderson Dev. Co., Inc. v. United States Postal Serv., 998 F.2d 959, 962 (Fed. Cir. 1993) (Postal Service may be sued for contract-based claims in a district court); 39 U.S.C. § 301(1) (waiver of sovereign immunity); 39 U.S.C. § 409(a) ("United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service."). The Postal Service also asserts without dispute from Hill that any contract-based claims do not fall under the Contract Dispute Act of 1978, 41 U.S.C. §§ 601-609, because the case does not involve a contract for procurement of property or services. Thus, because the district court did not lack jurisdiction over the contract-based claims, it should not have transferred the case to the Court of Federal Claims on that ground. See 28 U.S.C. § 1631 (court may transfer an action to another court when the transferor court determines that it lacks jurisdiction).

We note that it appears that the Postal Service has now conceded error in its previous arguments to the district court. Because the district court's determination that it did not have jurisdiction over Hills' claims is incorrect, we vacate the district court's transfer order and remand for further proceedings.

Accordingly,

IT IS ORDERED THAT:

The motions are granted. The transfer order of the United States District Court for the Central District of California is vacated and the case is remanded for further proceedings.

FOR THE COURT

OCT 0 9 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: David Kyle, Esq.
Harold D. Lester, Jr., Esq.

s20

ISSUED AS A MANDATE:  OCT 0 9 2009
_____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

OCT 0 9 2009

JAN HORBALY
CLERK

2009-1228                          - 3 -